JOHNSRUD, Judith Hays, Stoltzfus, Raymond, Stoltzfus, Jane, Stoltzfus, Lorraine,

v.

CARTER, Jimmy, President and The United States of America.

Appeal of Judith Hays JOHNSRUD, Virginia Southard, Raymond Stoltzfus, Jane Stoltzfus, Lorraine Stoltzfus, Andrew Henry, Jr., and James Gormley.

No. 79–1950.

United States Court of Appeals, Third Circuit.

Argued Jan. 9, 1980.

Decided April 23, 1980.

As Amended May 16, 1980.

Robert Gary, (argued) Donna E. Baker (argued), Philadelphia, Pa., for appellants.

Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., Peter F. Vaira, Jr., U. S. Atty., Philadelphia, Pa., Robert E. Kopp, Joseph B. Scott (argued), Attys., Dept. of Justice, Civ. Div., Appellate Staff, Washington, D. C., William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for appellees.

Before GIBBONS, ROSENN and GARTH, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This action arises out of a nuclear power accident which has come to be known nationally as the "Three Mile Island" incident. Soon after the accident, the plaintiffs initiated this suit seeking mandatory injunctive relief, commanding the United States to issue a public warning to each resident within 200 miles of Three Mile Island of the possible health dangers resulting from the release of radiation at the nuclear facility located there. The district court dismissed the complaint for lack of subject matter jurisdiction. We reverse.

### I.

The Metropolitan Edison Power Company operates a nuclear powered electrical generating station on Three Mile Island, Pennsylvania. On March 28, 1979, there was an accidental release of radiation from the facility. The facts of the incident have been widely disseminated through the national press and the news media and are not at issue here. The incident has produced a wide-ranging public discussion and debate over the comparative benefits and hazards generated by the use of nuclear power.

On March 30, 1979, the plaintiffs, six of whom are residents of central Pennsylvania and the seventh a resident of Philadelphia, Pennsylvania, filed a class action complaint in the United States District Court for the Eastern District of Pennsylvania seeking mandatory injunctive relief requiring the United States to order an evacuation of all persons within a specified distance from the Three Mile Island facility. On April 19, 1979, the plaintiffs filed an amended complaint on behalf of all residents within 200 miles of the facility naming President Jim-

my Carter and the United States as defendants. The amended complaint only sought a warning from the defendants to such residents

> of the fact that they have an increased risk of injury to health and reproductive capabilities by virtue of having been exposed to, being exposed to and continuing to be exposed to manmade radiation added to the natural background radiation by leakage of radioactive material from Three Mile Island and by direct radiation emanating from the containment building.

The district court dismissed the amended complaint for lack of subject matter jurisdiction, holding that the action was barred by the doctrine of sovereign immunity and further holding that the case presented a nonjusticiable political question. We consider these in turn.

### II.

■ The district court found that 28 U.S.C. § 1331,[1] granting general federal question jurisdiction, does not operate as a waiver of the United States' sovereign immunity and thus concluded that it was without jurisdiction to entertain the action.[2] The court, however, failed to give proper weight to our decision in *Jaffee v. United States*, 592 F.2d 712 (3d Cir.), *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979), which, as the plaintiffs correctly urged in their motion for reconsideration before the district court, is dispositive of the jurisdictional issue before us.

In *Jaffee* we considered application of the sovereign immunity doctrine in an action which sought, *inter alia*, a warning from the United States to servicemen who had participated in atomic bomb tests in the Nevada desert, notifying them of the poten-

---

1. 28 U.S.C. § 1331(a) states:

   The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any

agency thereof, or any officer or employee thereof in his official capacity.

2. The district court also considered and rejected 28 U.S.C. §§ 1343 and 1361 as possible bases for jurisdiction. In light of our conclusion that jurisdiction is conferred by 28 U.S.C. § 1331(a) we need not consider these other possible grounds for jurisdiction.

tial health dangers which might develop from radiation exposure during those tests. We held that, in an equitable action under 28 U.S.C. § 1331 (1976) seeking "non-statutory" review [3] of agency action, the Administrative Procedure Act, specifically 5 U.S.C. § 702 (1976), serves as a waiver of the United States' sovereign immunity.[4] *See Hill v. United States,* 571 F.2d 1098, 1102 (9th Cir. 1978).

The Government, however, argues that the alleged failure to act here does not constitute "agency action" within the meaning of section 702 and, thus, that this case is distinguishable from, and therefore not controlled by, *Jaffee.*[5] In *Jaffee,* the Government had declined to act for 25 years following the testing of the nuclear device. Here, the period of governmental inaction has been relatively short. Whatever the ultimate bearing of that fact on the merits of this case, however, it is not relevant to the jurisdictional issue presently before us. The plaintiffs have brought a complaint alleging violations of their rights under federal constitutional, statutory, and common law.[6] The complaint raises questions of federal law that we cannot term "frivolous" or "insubstantial" and thus plainly falls within the "arising under" language of 28 U.S.C. § 1331. *See Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974); *Baker v. Carr,* 369 U.S. 186, 199, 82 S.Ct. 691, 700, 7 L.Ed.2d 663

(1962). Furthermore, the plaintiffs make no claim for money damages but seek only equitable relief in the form of a warning to the general public. The waiver of sovereign immunity provided by section 702 does not require that a claimant successfully prove that an agency of the United States has *in fact* unreasonably or unlawfully failed to act. Rather, sovereign immunity is waived for "[a]n action in a court of the United States seeking relief other than money damages and stating a *claim* that an agency or an officer or employee thereof acted or failed to act in an official capacity."

It may be, as the Government asserts, that the alleged inaction here is not unlawful or unreasonable. That, however, is not properly a jurisdictional matter but a consideration that goes to the merits of the case. It requires a case-by-case determination that must be made on the facts of the particular case. Accordingly, although such a matter may be appropriate for resolution on a motion to dismiss for failure to state a claim or on a motion for summary judgment, both of which go to the merits, it is not appropriate for resolution on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) ("The failure to state a proper cause of action calls for a judgment on the

---

**3.** As we pointed out in *Jaffee v. United States, supra,* 592 F.2d at 718, "non-statutory" suits for review are so described because they are not brought under statutes that specially provide for review of agency action. Indeed review, if available at all, is through actions involving matters which arise under the Constitution, laws or treaties of the United States as provided in 28 U.S.C. § 1331(a). *Id.* at n.12.

**4.** The Administrative Procedure Act, 5 U.S.C. § 702 was amended in 1976 by adding the following pertinent provision:

An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein denied on the ground that it is against the United States or that the United States is an indispensable party.

**5.** In its brief, the Government also argues that *Jaffee* is distinguishable because "it did not involve an attempt to control the President in the exercise of his discretion as chief executive." At oral argument before this court, however, the Government conceded that this argument was without merit. Accordingly, we need not consider it further.

**6.** The plaintiffs allege a deprivation of "their fundamental rights guaranteed under the First, Fourth, Fifth and Tenth Amendments to the U.S. Constitution, as well as their statutory and civil rights under federal statute and federal common law." The complaint also alleges that the government's purported duty to issue the requested warning "arises in part under the terms of the Atomic Energy Act of 1954 as amended, 42 U.S.C. § 2011 *et seq.* and the regulations promulgated thereunder."

merits and not for a dismissal for want of jurisdiction.").

Insofar as the plaintiffs' claim is against an agency of the United States, their claim is within the terms of 5 U.S.C. § 702 as amended.[7] Accordingly, we find no relevant distinction between this case and *Jaffee*. Thus, we hold that the district court has jurisdiction of this action under 28 U.S.C. § 1331 and that the action, as one for equitable relief against an agency of the United States, is not barred by the doctrine of sovereign immunity.[8]

### III.

■ The district court, however, also held that the action was barred by the political question doctrine. The court reasoned first that the "President is granted unbound[ed] freedom and discretion, subject to congressional or constitutional restraint." Next, the court apparently found that there was no such "congressional or constitutional restraint" on the President and concluded that whether "[t]o give a warning of the possible danger or not to give a warning is a matter within the sole discretion of the President." The court completed its syllogism with the statement that the issue presented by the plaintiffs' complaint "is a political question to be answered by the President and only the President. The separation of powers enumerated in our constitution necessitates that we preserve the autonomy of the executive branch."

The district court, however, has misperceived the nature of the issue which was before it. It confused the issue of subject matter jurisdiction with the separate and distinct issue of whether the complaint stated a cause of action. "As frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action." *Montana-Dakota Co. v. Public Service Co.*, 341 U.S. 246, 249, 71 S.Ct. 692, 694, 95 L.Ed. 612 (1951).

Fed.R.Civ.P. 12(b) sets forth the possible grounds upon which a motion to dismiss a complaint may be made. Fed.R.Civ.P. 12(b)(1) provides that a motion to dismiss may be offered because of lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(6) allows such a motion for failure to state a claim upon which relief can be granted. The Government predicated its motion to dismiss on the ground that the court lacked subject matter jurisdiction. Thus, the sole issue before the district court was whether it had subject matter jurisdiction.

The district court, however, held there was no statutory or constitutional provision which required the President, and presumably his co-defendant, the United States, to issue the requested warning. Thus, although purporting to decide that the plaintiffs' claim was jurisdictionally barred, the court in fact decided that the plaintiffs' complaint had failed to state a claim. As the Supreme Court stated in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), jurisdiction "is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [plaintiffs] could actually recover." *See Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir.) *cert. denied*, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975).

■ Dismissal on jurisdictional grounds and for failure to state a claim are analytically distinct, each bearing different burdens and each implicating different le-

---

7. *See Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 892 (3d Cir. 1977) (dismissal under Fed.R.Civ.P. 12(b)(1) is normally inappropriate when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven in order to withstand jurisdictional attacks).

8. Whether the President is an "agency" within the meaning of the Administrative Procedure Act is an open question which we need not resolve here. *See Souci v. David*, 448 F.2d 1067 (D.C.Cir.1971); *Amalgamated Meat Cutters and Butcher Workmen v. Connally*, 337 F.Supp. 737, 761 (D.C.Cir.1971) (three-judge court); 1 K. Davis, *The Administrative Process* (1978) § 1.2 at 4–5. Nevertheless, on remand, the plaintiffs may wish to more specifically designate the responsible agency and, amend their complaint accordingly.

gal principles. The latter, if sustained without leave to plead further, is a disposition on the merits, *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 523 (3d Cir. 1973); the former involves the right to be heard in court. Although the burden of demonstrating the existence of federal jurisdiction is on the one who seeks to invoke it, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936), summary disposition on the merits is disfavored and the burden is on the moving party, *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Thus, a complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

In the case before us, the district court has fused the two distinct concepts and dismissed the complaint for lack of subject matter jurisdiction because it failed to state a claim. In so doing, the court in effect shifted to the plaintiffs the burden which properly was the Government's on a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and deprived the plaintiffs of the procedural safeguards to which they were entitled. Thus, the district court committed reversible error.[9]

### IV.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion. Costs taxed against the appellees.

---

[9] Furthermore, although we express no opinion as to whether the case before us presents a nonjusticiable political question, we note that the possible existence of a political question does not inevitably deprive a court of subject matter jurisdiction. *Powell v. McCormack*, 395 U.S. 486, 512–13, 89 S.Ct. 1944, 1959–1960, 23 L.Ed.2d 491 (1969); *see Baker v. Carr*, 369 U.S. 186, 198–99, 82 S.Ct. 691, 699–700, 7 L.Ed.2d 663 (1962).