Isadore JONAK and Marilyn
Jonak, Plaintiffs,

v.

JOHN HANCOCK MUTUAL LIFE IN-
SURANCE CO., Roger E. Johnon,
and Daryl L. Nielsen, Defendants.

No. CV84–L–523.

United States District Court,
D. Nebraska.

Jan. 4, 1985.

Isadore Jonak and Marilyn Jonak, pro se.

John P. Heil of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Neb., for defendants.

## MEMORANDUM

URBOM, Chief Judge.

Two motions to dismiss have been filed on behalf of the defendants, filings 8 and 9, on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted, and a motion for summary judgment, filing 14. The plaintiffs have filed a motion for summary or default judgment, filing 11. Although I recently have had occasion to consider the sufficiency of several complaints remarkably similar to the one here and have dismissed a similar complaint by these plaintiffs against different defendants, *Jonak v. Sherman County Bank,* CV84–L–522 (memorandum and order, Jan-

uary 3, 1985), I must address the present complaint on its own merits.

The focus of the complaint is a set of loans and security agreements between the plaintiffs and the defendant insurance company in 1974, 1978, and 1982. In addition to a variety of allegations about why the transactions are invalid or rescindable, the plaintiffs allege a threatened "nonjudicial foreclosure sale" without a hearing.

■ In ruling on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint must be construed favorably to the pleader, and the complaint should not be dismissed on the latter ground unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The burden of demonstrating the existence of federal jurisdiction is on the pleader. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). However, when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief, the claim may be dismissed for lack of subject-matter jurisdiction—rather than for failure to state a claim—only when the allegations of the complaint are frivolous. *Black v. Payne,* 591 F.2d 83, 86 (9th Cir.1979). In regard to their motion for summary judgment, the defendants bear the burden of showing that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. All doubts are to be resolved against the moving party, and the non-moving party is to receive the benefit of all favorable inferences that reasonably may be drawn from the evidence. *Walling v. Fairmont Creamery Co.,* 139 F.2d 318, 322 (8th Cir. 1943); *Ramsouer v. Midland Valley R. Co.,* 135 F.2d 101, 106 (8th Cir.1943).

■ The plaintiffs purport to bring this action as a class action, claiming that they represent a class of farmers and farming

corporations who have borrowed money from the defendants for the purpose of purchasing land and farm equipment and other agricultural and non-agricultural purposes. However, the complaint does not adequately allege the prerequisites to use of the class action required by Rule 23 of the Federal Rules of Civil Procedure. For instance, there is no allegation that the class of farmers borrowing from the defendants "is so numerous that joinder of all member is impracticable." Also, I cannot find that the plaintiffs, acting pro se, can fairly and adequately protect the interests of the class, particularly in light of the manner in which the complaint was drafted. Therefore, I shall treat the complaint as affecting only the interests of the named parties.

 In light of the facts pleaded, many of the cited grounds for relief are utterly lacking in merit, as I have said repeatedly in similar cases. Among the statutes upon which the plaintiffs rely are:

15 U.S.C. §§ 77 et seq. Securities Act of 1935 (§ 77 is the last section of a series of statutes dealing with international trade, and no Securities Act was passed in 1935; the Securities Act of 1933, 15 U.S.C. §§ 77a to 77aa, regulates transactions involving the sale of securities)

15 U.S.C. §§ 78 et seq., 78h, 78cc (no § 78 exists, but other sections are part of the Securities Exchange Act of 1934, regulating marketing of securities)

15 U.S.C. § 78ccc (part of the Securities Investor Protection Act of 1970, § 78ccc creates a nonprofit corporation)

15 U.S.C. §§ 79g, 79h, 79z–1 (parts of the Public Utility Holding Company Act of 1935, 15 U.S.C. §§ 79 to 79z–6, regulating holding companies owning gas or electric utilities)

15 U.S.C. §§ 80a–35 et seq., 80a–46 (parts of the Investment Company Act of 1940, 15 U.S.C. §§ 80a–1 to 80a–64, regulating investment companies, from the definition of which insurance companies are excluded, § 80a–3(c)(3))

15 U.S.C. §§ 89 et seq. (§§ 81 to 134, dealing with trademarks, were repealed in 1946 and their provisions assigned to other portions of Title 15)

15 U.S.C. §§ 1716, 1719 (parts of the Interstate Land Sales Full Disclosure Act; § 1716 prohibits misrepresentations to prospective purchasers of lots in subdivisions about the effect of registering the subdivision with the Secretary of Housing and Urban Development and § 1719 creates judicial jurisdiction of violations of the Act)

15 U.S.C. § 1733 (nonexistent)

the Fourth, Fifth, Seventh and Fourteenth Amendments to the Constitution of the United States (none of which provide any cause of action against private individuals or corporations not acting under color of state or federal law)

the State Constitution and statutes of Nebraska (no federal cause of action arises under a state constitution or legislation, and no diversity jurisdiction exists)

42 U.S.C. Chap. 21 (without identifying specific provisions of any of the civil rights statutes in the chapter; no facts are alleged to establish the state action or color of state law requirements or any other basis of federal jurisdiction)

15 U.S.C. §§ 630, 631 et seq., 636(h), 637(h) (§§ 631 to 647 make up the Small Business Act, which regulates companies licensed by the Small Business Administration to make loans to small businesses; there is no § 630 or 637(h); § 636(h) empowers the Small Business Administration to make loans to handicapped persons and organizations for the handicapped, but makes no mention of a three-year deferral with the approval of the president)

15 U.S.C. §§ 1691(d), 1691(e) (parts of the Equal Credit Opportunity Act: § 1691(d) sets a time limit for creditors to give notice of the reasons for adverse actions on credit applications; there is no § 1691(e), but § 1691e provides jurisdiction for suits based on violations of the Act, but it sets a limitations period of two years)

15 U.S.C. § 1693 et seq. (part of the Electronic Fund Transfer Act, which regulates the rights and liabilities of financial institutions and consumers regarding transfers of funds through electronic means)

15 U.S.C. §§ 2001 et seq. (authorizing the Secretary of Transportation to set standards for improving automotive efficiency)

12 U.S.C. §§ 221 et seq., 226 (§ 226 is merely the short title provision of the Federal Reserve Act; §§ 221 to 522 create the Federal Reserve System and defines the powers of banks and other components of the system; an insurance company is neither a national bank nor a member of the System)

7 U.S.C. § 1421 (the opening section of the Agricultural Act of 1949; § 1421 gives certain authority and duties to the Secretary of Agriculture for setting commodity price supports)

Many of these provisions have absolutely nothing to do with the facts alleged. Others provide rules of law which would be helpful to the plaintiffs' claims, except for the fact that their applicability is limited by express provisions or by context to subjects totally unrelated to the facts alleged in the complaint. In addition, the allegations concerning aspects of contract law, equity, and various other matters involving state statutory or case law are matters which state a claim, if at all, under state law, not federal law. As such, this court lacks jurisdiction over those claims absent diversity of citizenship under 28 U.S.C. § 1332. However, the complaint defeats diversity jurisdiction by alleging that the plaintiffs and at least one of the defendants are Nebraska residents. Nondiversity between any one plaintiff and any one defendant defeats diversity jurisdiction despite the diverse citizenships of other parties. Pendent jurisdiction over a state law claim requires the existence of a related federal claim.

The remaining federal statutes upon which the plaintiffs rely also are inapplicable, but I shall discuss them more fully.

■ Federal courts are willing to grant to farmers whatever relief the law allows. For example, several courts have enjoined the Secretary of Agriculture from foreclosing farm loans extended by the Farmers Home Administration because the Secretary had failed to develop a policy for deferring principal and interest payments or foregoing foreclosure, as required by 7 U.S.C. § 1981a. *E.g., Allison v. Block,* 723 F.2d 631 (8th Cir.1983); *Coleman v. Block,* 580 F.Supp. 194 (D.N.D.1984). However, § 1981a is expressly limited to loans "made, insured, or held by the Secretary under this chapter [7 U.S.C. Ch. 50], or under the provisions of any other law administered by the Farmers Home Administration." Nothing in the complaint or the attached exhibits indicates any material connection between the loans from the insurance company and any of the FmHA loan programs covered by § 1981a.

■ The plaintiffs allege that the defendants are subject to the rules and regulations established under the Farm Credit Act, 12 U.S.C. §§ 2001 et seq., and, in particular, 12 C.F.R. § 614.4510(d). However, the regulations developed under the Farm Credit Act are limited in effect to institutions which are members of the Farm Credit System, which is made up of federal land banks, federal land bank associations, federal intermediate credit banks, production credit associations, and banks for cooperatives, all chartered and supervised by the Farm Credit Administration. 12 U.S.C. § 2002; 12 C.F.R. Part 600, Subpart B. Insurance companies are not included in the coverage of the Act.

■ The plaintiffs allege that certain practices and acts of the defendant insurance company and its agents and employees violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692o. However, the Act's protections are limited to the activities of "debt collectors," the definition of which excludes both creditors seeking to collect their own debts and the officers and employees of creditors collecting debts for the creditors. 15 U.S.C.

§ 1692a(6). No involvement by a "debt collector" is alleged here.

▪ The plaintiffs also cite portions of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601 to 2617. However, §§ 2605 and 2606 were repealed in 1976 and the rest of the Act pertains to mortgage loans secured by first liens on residential real estate. Section 2614 gives jurisdiction for damages actions for prohibited business referral fees, splitting charges, and requirements that title insurance be purchased from a particular title company related to real estate settlement services involving federally related mortgage loans, none of which are alleged here, and sets a one-year limitations period. The limitations period has expired for each of the three loans at issue here.

▪ The plaintiffs also raise a due process claim based on a threatened "non-judicial foreclosure" of their property. However, the complaint fails to provide any facts about how the sale is supposed to occur. Such details are important to show whether the foreclosure would involve state action or would be purely a private action. Only a deprivation of property under color of law can invoke federal due process protections. For example, joint action with state officials to accomplish prejudgment deprivations of a property interest will support a civil rights claim against a private party, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Buller v. Buechler*, 706 F.2d 844 (8th Cir.1983), but a private sale of warehoused goods, as permitted by a state's self-help statutes, absent participation by public officials, is not a "state action" actionable under federal civil rights statutes, *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Here the plaintiffs have not alleged any participation by public officials in the foreclosure; the fact that it is non-judicial eliminates the involvement of court officials from the process.

The claims based on the Truth in Lending Act, 15 U.S.C. §§ 1601 to 1667e, require a closer look at the facts as alleged and as developed in the affidavits.

Until October 1, 1982, § 1603(5) provided that the Act did not apply to credit transactions for primarily agricultural purposes in which the total amount to be financed exceeded $25,000. Effective October 1, 1982, § 1603(1) eliminated the money limitation and continued the exemption for loans with primarily agricultural purposes. The current version of § 1603 also exempts credit transactions for primarily business or commercial purposes and those in which the total amount financed exceeds $25,000, except for those in which a security interest is acquired in real property or in personal property used as the principal dwelling of the debtor.

▪ The substantive sections of the Truth in Lending Act—those creating rights and defining violations, 15 U.S.C. §§ 1605, 1606, 1612, 1631, 1635, 1637, 1638, 1640, and subsequent sections—all pertain to "consumer" transactions. The definition of "consumer" is found in § 1602(h):

> The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

Therefore, a credit transaction that is primarily for an agricultural, commercial, or business purpose or is not for a personal, family, or household purpose is not subject to the protections of the Truth in Lending Act.

▪ Also, there are time limitations built into the Act. The right of rescission created by § 1635 expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, "notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." § 1635(f). In addition, any action for relief

under § 1640 must be brought within one year from the date of the occurrence of the violation. § 1640(e). While the limitation of § 1640(e) does not apply to a person asserting a Truth in Lending violation as a defense by recoupment or setoff in an action brought to collect the debt, that is not the posture of this lawsuit.

Finally, the rescission right of § 1635 does not apply in the case of a "transaction which constitutes a refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property." § 1635(e)(1)(B).

The complaint was filed August 6, 1984. Therefore, any loan transaction occurring before August 6, 1983, is beyond the limitations period for all relief except rescission, and any before August 6, 1981, is beyond the limitations period for rescission. Agricultural loans before October 1, 1982, are excluded if greater than $25,000, and loans of any type before that date, not otherwise excluded, are excluded if greater than $25,000, unless they are real property transactions.

Three loans are alleged. The ones occurring in 1974 and 1978 are beyond all limitations periods and cannot supply the basis for a cause of action. The third loan was made in March 1982 and a note for $370,000 was signed April 12, 1982. A condition of the loan was that the 1978 loan, originally for $225,000, be paid in full, which apparently occurred because the 1978 mortgage was released as paid on March 31, 1982. The complaint alleges that the loans (without distinguishing between the three) were secured by farm land which included a dwelling.

Giving the plaintiffs the benefit of all reasonable inferences, I still must find upon the motions to dismiss that the 1982 loan is exempt under the Truth in Lending Act for the purpose of rescission; additionally, it clearly is beyond the one-year period for all other relief. Because the loan occurred before October 1, 1982, the former provisions of § 1603 apply. While the general dollar limitation of § 1603(3) does not supply an exemption because the transaction involved real property, the more specific dollar limitation pertaining to agricultural loans, § 1603(5), does apply. The plaintiffs do not allege any non-agricultural purpose for the 1982 loan, other than a general conclusion, apparently as part of the class action allegations, that the plaintiffs "over the course of several years each individually borrowed monies from Defendants, for purposes of purchasing land and farm equipment and other agricultural purposes and non-agricultural purposes." This allegation is insufficient to counter the clear import of other allegations demonstrating that the primary purpose of the loan was agricultural. The clearest sign is the fact that the collateral for the loan was farmland and farm equipment. If the farmland includes a dwelling, that does not defeat the agricultural nature of the transaction. It is the plaintiffs' responsibility to plead facts which, if true, would entitle them to relief. Because they have failed to plead facts that make out any claim upon which relief could be granted by this court, the complaint must be dismissed.

The materials submitted by the defendants in support of their motion for summary judgment clearly establish the agricultural purpose of the 1982 transaction and, in the absence of an evidentiary response by the defendants, would entitle the defendants to summary judgment regarding that transaction. However, because all claims are disposed of by the Rule 12(b)(6) motion, there is no need to address the Rule 56 motion.

## ORDER

In accordance with the accompanying memorandum,

IT IS ORDERED,

1. That the plaintiffs' motion for summary judgment or default judgment, filing 11, is denied; and

2. That the defendants' motions to dismiss, filings 8 and 9, are granted, and the complaint is dismissed.