**Betty GORMAN, Plaintiff,**

v.

**NORTH PITTSBURGH ORAL SURGERY ASSOCIATES, LTD., Defendant.**

**Civ. A. No. 86–344.**

United States District Court, W.D. Pennsylvania.

July 8, 1986.

Lynette Norton, Beth L. Balzer, Attys., Pittsburgh, Pa., for plaintiff.

Sidney Zonn, John G. Greeno, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

This is a civil action for money damages under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Defendant has filed a motion to dismiss for lack of subject-matter jurisdiction. F.R.C.P. 12(b)(1). Defendant asserts that it has never employed twenty employees and therefore is not an "employer" as defined in ADEA. 29 U.S.C. § 630(b). The motion will be denied at this stage of the proceedings.

■ The Court of Appeals has distinguished between 12(b)(1) motions which attack the complaint on its face and 12(b)(1) motions which attack the existence of subject-matter jurisdiction in fact, apart from the pleadings. *Mortensen v. First Federal Savings and Loan Association,* 549 F.2d 884, 891 (3d Cir.1977). The second type of 12(b)(1) motion, the factual attack, may occur only after the allegations of the complaint have been controverted. *Id.* at 892 n. 17. Since no answer has been filed in the case at bar, we may consider defendant's 12(b)(1) motion only as a facial attack. For purposes of the motion we must take all allegations of the complaint as true. *Id.* at 891.

The complaint alleges that defendant is an employer under ADEA. Complaint, paragraph 6. Subject-matter jurisdiction is present on the face of the complaint and the motion of defendant will be denied.

Defendant has actually presented a factual attack upon subject-matter jurisdiction in its motion, brief and accompanying affidavits. As noted above, such a motion is premature prior to the filing of an answer. While defendant could simply file another 12(b)(1) motion after serving an answer, we believe that the issue may be more appropriate for summary judgment.

■ Dismissal for lack of jurisdiction must be carefully distinguished from dismissal on the merits, whether by a 12(b)(6) motion or summary judgment. *See Johnsrud v. Carter,* 620 F.2d 29, 32–33 (3d Cir. 1980). The burden of demonstrating the existence of federal jurisdiction is on the plaintiff while the burden of showing entitlement to summary disposition on the merits is on the movant. *Id.* at 33. When conducting a 12(b)(1) factual evaluation the court is free to weigh the evidence and make findings of fact, attaching no presumption of truthfulness to the allegations of the plaintiff; the existence of an issue of material fact precludes the entry of summary judgment. *Mortensen,* 549 F.2d at 891. Summary judgment or dismissal for failure to state a claim is a disposition on the merits; dismissal for lack of subject-matter jurisdiction is not. *Johnsrud,* 620 F.2d at 33.

■ Defendant should consider the Supreme Court's decision in *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1945), before renewing its motion to dismiss for lack of subject-matter jurisdiction. Where a complaint alleges that the cause of action arises under the Constitution or laws of the United States, the court should not dismiss for lack of jurisdiction except that

a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or the federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.

*Id.* at 682, 66 S.Ct. at 776. Therefore, as a general rule the absence of a federal cause of action should lead to a dismissal on the merits rather than to a dismissal for lack of jurisdiction. *Williamson v. Tucker,* 645 F.2d 404, 416 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). Judicial economy is promoted by directly reaching the existence of a federal right. *Id.* at 415. Further, the plaintiff is afforded certain procedural advantages under Rule 12(b)(6) and Rule 56 that are not available on a factual challenge to subject-

matter jurisdiction pursuant to Rule 12(b)(1). *Id.*

Defendant may raise the issue of whether it is an "employer" under ADEA by a motion for summary judgment or by a Rule 12(b)(1) motion asserting lack of jurisdiction as a factual matter. If defendant adopts the latter course it should supplement its previous brief with legal authority demonstrating why the court should treat the issue as jurisdictional. In any case, plaintiff will have an opportunity to respond to the factual allegations of defendants set forth in the affidavits accompanying the instant motion.