**Louis DITRI and Marie K. Ostenrieder Appellants,**

v.

**COLDWELL BANKER RESIDENTIAL AFFILIATES, INC., Phyllis Rubin Real Estate Inc, Phyllis Rubin, Sharon Bonser, Madelyn Storelli and Robert Kent.**

**No. 91–1525.**

United States Court of Appeals, Third Circuit.

Argued Dec. 10, 1991.

Decided Jan. 22, 1992.

Rehearing Denied Feb. 11, 1992.

Anthony S. Volpe (argued), Volpe & Koenig, J. Ashley Brown, III, Philadelphia, Pa., for appellants.

Edward J. Hayes (argued), Jane E. Lessner, R. James Kravitz, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for appellees, Coldwell Banker Residential Affiliates, Inc., Phyllis Rubin Real Estate, Inc., Phyllis Rubin and Madelyn Storelli.

Joseph A. Venuti, Jr. (argued), Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellee, Sharon Bonser.

William F. Coyle, Philadelphia, Pa., for appellee, Robert Kent.

Before SCIRICA, ALITO and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Louis Ditri and Marie K. Ostenrieder ("plaintiffs") appeal the order of the district court dismissing their amended complaint. That complaint asserted claims for damages and other relief under section 43(a) of the Lanham Trademark Act, § 1125(a), 15 U.S.C. § 1051 (1988), and under state law. Plaintiffs also sought cancellation of defendant Coldwell Banker Residential Affiliates, Inc.'s relevant registered trademarks pursuant to 15 U.S.C. § 1119 (1988). The district court had jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (1988), and 28 U.S.C.A. § 1367 (West Supp.1991). This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1988).

## I. FACTUAL BACKGROUND

Plaintiffs obtained the services of Phyllis Rubin Real Estate ("Rubin R.E.") in order to purchase real property. Rubin R.E. is an independently owned and operated member of Coldwell Banker Residential Affiliates, Inc. ("Coldwell") and was doing business under the name "Coldwell Banker Phyllis Rubin Real Estate, Inc." Plaintiffs allegedly selected Rubin R.E. based upon the favorable national reputation enjoyed by Coldwell's trademark "Coldwell Banker."

With the assistance of Rubin R.E., plaintiffs entered into an Agreement for Sale to purchase property owned by Robert Kent. They obtained a mortgage loan commitment which was conditioned, *inter alia,* upon the existence of a recorded private road maintenance agreement. Plaintiffs' attorney requested that Rubin R.E. supply a copy of the road maintenance agreement. In response, Rubin R.E. agent Sharon Bonser produced a letter on Coldwell Banker stationery purportedly signed by an adja-

cent property owner, Peter Conti. The letter stated that because he was a permanent resident he maintained the road including the portions providing access to the Kent property. The parties proceeded to conclude the sale.

Subsequent to settlement on the property, plaintiffs learned from Mr. Conti that the signature on the letter was not authentic and that Mr. Conti in fact did not maintain the road. As a result, plaintiffs allege damage in excess of $50,000, the cost of repairing and maintaining the road in accordance with local law. Plaintiffs' amended complaint sought to impose liability upon Coldwell Banker, Rubin R.E., Phyllis Rubin, the sole shareholder of the franchisee, Sharon Bonser, Robert Kent, and Madelyn Storelli, the listing agent ("defendants").

Plaintiffs allege that each defendant stood to profit from the sale of the Kent property. They assert that the defendants fraudulently represented the existence of a private road maintenance agreement thereby intending to induce plaintiffs to consummate the sale, and that plaintiffs justifiably relied on that misrepresentation. Plaintiffs further allege that Coldwell, through national advertising, purports to provide reputable real estate services and that in fact disreputable and fraudulent services were rendered under Coldwell's trademarks by persons authorized to utilize such marks. Plaintiffs assert that Coldwell is directly responsible for the injury caused by the misrepresentation due to its alleged failure to police the services rendered by its franchisees under its trademarks.

Count I of the amended complaint alleges that defendants' actions or actions authorized by defendants are false and misleading in violation of Section 43(a) of the Lanham Trademark Act ("Lanham Act"), § 1125(a), 15 U.S.C. § 1051 (1988). Count II asserts responsibility for the fraud and misrepresentation on the part of each defendant. We understand this to be a pendent state law claim. Count III alleges, in effect, that despite its obligation to do so, defendant Coldwell failed to control the quality of services rendered under its trademarks, thus permitting the fraud.

Plaintiffs seek compensatory damages, punitive damages, defendants' profits and treble damages pursuant to 15 U.S.C. § 1117 (1988). Additionally, plaintiffs request that the district court cancel defendants' brokerage service related trademarks.

The district court dismissed Count I for failure to state a claim under section 43(a). The court likewise dismissed plaintiffs' Count III claim for cancellation of the trademarks. It declined to exercise pendent jurisdiction over the state law claims and dismissed them. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

■ Defendants moved the court to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Although other documents are in the record, both sides tacitly agree that the district court confined its decision to the sufficiency of the allegations of the amended complaint. We address the appeal on that basis. Therefore, plaintiffs' allegations must be taken as true and this court may "affirm the dismissal only if it appears certain that no relief could be granted to them under any set of facts which could have been proven." *Shubert v. Metrophone, Inc.,* 898 F.2d 401, 403 (3d Cir.1990). We exercise plenary review in this matter. *Chester Cty. Inter. Unit v. Pa. Blue Shield,* 896 F.2d 808, 810–11 (3d Cir.1990).

### B. Count I: Claim Under Section 43(a) of the Lanham Act

■ Plaintiffs contend that the district court erred in concluding that plaintiffs' allegations were "not within the ambit of Section 43(a)." *Ditri v. Coldwell Banker Residential Affiliates, Inc.,* No. Civ.A. 90–5599, 1991 WL 101479, at *3 (E.D.Pa. June 5, 1991).

Section 43(a) of the Lanham Act, as amended, provides:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false or misleading description of fact, or false or misleading representation of fact, which—

. . . . .

(2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action *by any person who believes that he is or is likely to be damaged by such act.*

15 U.S.C. § 1125(a) (1988) (emphasis added).[1]

Defendants' motion to dismiss plaintiffs' complaint asserted that plaintiffs lacked standing under the statute to bring suit. Thus, on appeal, defendants interpret the district court's dismissal language as a holding that plaintiffs lacked standing. Plaintiffs deny that the district court directly ruled on standing but agree that it is a possible implication. In response plaintiffs contend that they have standing, as non-competitors, to assert a claim under section 43(a) based on the plain meaning analysis of that section expounded by this court in *Thorn v. Reliance Van Co. Inc.,* 736 F.2d 929 (3d Cir.1984).

We find it unnecessary to decide the so-called standing issue which would, at best, only involve prudential standing. Rather, we shall assume standing here because we are satisfied that plaintiffs' allegations are, nevertheless, insufficient to meet the requirements of a false advertising claim under section 43(a).

In an action under section 43(a), plaintiffs must allege in their complaint all of the following elements:

1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods travelled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*U.S. Healthcare v. Blue Cross of Gr. Philadelphia,* 898 F.2d 914, 922–23 (3d Cir. 1990). A plaintiff must assert in the first instance that a misleading message is conveyed. If the advertisement does not state literal falsehoods, then the burden is on the plaintiff to show that the advertisement's intended audience is left with a false impression. *Id.*

Plaintiffs have not alleged in their complaint any particular false statement or misrepresentation on the part of Coldwell. Rather they appear to rely upon the general aura of Coldwell's national advertising scheme as portraying an honest, quality real estate service. They couple this aura with the allegation of forgery with respect to the road maintenance agreement to evidence dishonest service. Plaintiffs thus assert that they have established an "affirmatively misleading" statement, actionable within the meaning of section 43(a). The Lanham Act creates a remedy only for false descriptions or representations of products or services in advertising. Plaintiffs' general allegations based on an inference of honesty in all of Coldwell Banker members' operations cannot suffice. We agree with the district court that:

Lanham Act is substantially the same under both versions as it relates to the allegations in this case, and because we perceive no prejudice to the parties, we will decide the case under the version relied upon by the district court. *See U.S. Healthcare, Inc. v. Blue Cross of Gr. Philadelphia,* 898 F.2d 914, 922 n. 9 (3d Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 58, 112 L.Ed.2d 33 (1990).

1. The events involved in this case took place in October of 1988. The 1982 version of the Lanham Act, quoted in the text, was revised in that same year, but did not become effective until November of 1989. Rather than deciding this case under the statute in effect at the time of the conduct, the district court applied amended Section 43(a) to govern this case. Neither party asserts that this retroactive application was erroneous. Since we find that the language of the

[m]erely because Coldwell's national advertising may be at least in part designed to convey the impression that Coldwell Banker member affiliates are run ethically and honestly, we believe that it would be contrary to the law to permit a false advertising claim against Coldwell Banker each time someone working at an affiliated agency behaves in an allegedly unethical manner.

*Ditri*, 1991 Wl 101479, at *2.

The district court, therefore, correctly dismissed Count I of plaintiffs' complaint for failure to state a claim.

### C. Count III: Claim Under Section 37 For Trademark Cancellation

■ Count III of plaintiffs' complaint asserts that defendant Coldwell fails to control the quality of services rendered under its trademarks in light of the fraud allegedly perpetrated by the Rubin R.E. agent. It sought cancellation of the trademarks under section 37 of the Lanham Act which reads as follows:

> In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Commissioner, who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119 (1988). The district court dismissed the count summarily finding "no basis to support the claim."

Plaintiffs argue that Coldwell's alleged failure to supervise its franchisees constitutes naked licensing in violation of Coldwell's duty as the trademark owner. They contend that this naked licensing must be construed as an abandonment of the trademarks by Coldwell. Although plaintiffs assert this claim as a separate count in their complaint, they do not contend that the alleged conduct violates any particular section of the Lanham Act or any other statute. Rather, the main thrust of Count III

appears to be contained in the prayer for relief, wherein plaintiffs seek cancellation of defendants' brokerage related trademarks.

■ It is true that naked licensing can work an abandonment, *U.S. Jaycees v. Philadelphia Jaycees*, 639 F.2d 134, 140 (3d Cir.1981), and that abandonment is a ground for the cancellation of marks. *Dawn Donut Co., Inc. v. Hart's Food Stores, Inc.*, 267 F.2d 358, 366 (2d Cir. 1959). Although a petition to the Patent and Trademarks Office is the primary means of securing a cancellation, the district court has concurrent power to order cancellation as well for the obvious reason that an entire controversy may thus be expediently resolved in one forum. *Simmonds Aerocessories v. Elastic Stop Nut Corp.*, 257 F.2d 485, 491 (3d Cir.1958); *Homemakers, Inc. v. Chicago Home for the Friendless*, 313 F.Supp. 1087, 1089 (N.D.Ill.1970), *aff'd*, 169 USPQ 262 (7th Cir.), *cert. denied*, 404 U.S. 831, 92 S.Ct. 70, 30 L.Ed.2d 60 (1971).

■ The issue here is whether Count III is jurisdictionally supportable when it relies solely on an allegation that Coldwell does not police the conduct of its franchisees. Section 39 of the Lanham Act grants jurisdiction to the district court over "all actions arising under this Act." 15 U.S.C. § 1121. Section 37, quoted above, provides for cancellation "[i]n any action involving a registered mark...." However, in our view, a controversy as to the validity of or interference with a registered mark must exist before a district court has jurisdiction to grant the cancellation remedy. *Universal Sewing Machine Co. v. Standard Sewing Equipment Corp.*, 185 F.Supp. 257, 260 (S.D.N.Y.1960) ("[Section] 37 assumes a properly instituted and otherwise jurisdictionally supportable action involving a registered mark."); 2 J. Thomas McCarthy, *Trademarks and Unfair Competition* § 30:32 (1984); 4A Callman, *Unfair Competition, Trademarks and Monopolies* § 25.45 (1983); *Windsurfing Intern. Inc. v. AMF Inc.*, 828 F.2d 755 (Fed.Cir.1987) (district court was without jurisdiction to cancel trademark where declaratory judg-

**874**

ment claim was dismissed for failure to present a case or controversy); *D.M. & Antique Import Corp. v. Royal Saxe Corp.*, 311 F.Supp. 1261, 1268 (S.D.N.Y. 1970) (allowing cancellation claim in light of valid claim under Section 43(a)). The "mere existence of the protected trade name and attendant symbol ... does not provide a basis for federal jurisdiction." *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir.1984). We, therefore, conclude that a failure to police the actions of franchisees does not, without more, provide a jurisdictional basis for granting a section 37 cancellation remedy.

Because it is precedent of our court, we take special note of *Simmonds Aerocessories v. Elastic Stop Nut Corp.*, 257 F.2d 485 (3d Cir.1958). There the court said that proceedings in the patent office and section 37 are concurrent remedies. We, of course, agree. However, we do not believe the court intended to construe section 37 to provide a cancellation remedy in the absence of an underlying basis of jurisdiction. The authorities cited in the opinion support our reading.

We, therefore, conclude that the district court properly dismissed Count III for lack of jurisdiction to entertain the cancellation claim since plaintiffs did not assert a valid claim under Count I.

### D. Count II: Pendent Claim

■ Having dismissed Counts I and III of plaintiffs' complaint, the district court did not abuse its discretion in dismissing the pendent state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). The order of the district court dismissing plaintiffs' amended complaint will be affirmed.