Laura COLANTUNO; Steven Colantuno, H/W, Appellants,

v.

**AETNA INSURANCE COMPANY.**

No. 92–1314.

United States Court of Appeals, Third Circuit.

Argued Oct. 22, 1992.

Decided Dec. 1, 1992.

William D. Marvin (argued), Shuster & Marvin, Bala Cynwyd, Pa., for appellants.

James P. Bradley (argued), Donaghue & Bradley, Media, Pa., for appellee.

Before: COWEN, NYGAARD and SEITZ, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

In this diversity case, we are asked to determine whether a Pennsylvania insurance statute which imposes penalties for bad faith is applicable to policies written before the statute's effective date. The district court determined that the penalties provided in the statute only apply to insurance policies entered into after the stat-ute's effective date and dismissed under Fed.R.Civ.P. 12(b)(6). We will reverse.

## I.

◼ We exercise plenary review over the district court's order, *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 871 (3d Cir.1992), and apply the same test applied by the district court, that is to accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them. We will not affirm a dismissal unless it is certain that no relief could be granted under any set of facts which could be proved. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

◼ When federal courts sit in a diversity case, we must apply the substantive law of the states in which we sit. *Erie RR v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Further, when federal courts are required to interpret or apply state law, we consider and accept the decisions of the state's highest court as the ultimate authority of state law. *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 553 n. 3 (3d Cir.1985).

## II.

Aetna Insurance Company provided Colantuno with uninsured motorist insurance coverage in the amount of $70,000.00. Laura Colantuno was injured in an automobile accident on January 23, 1984 in which an uninsured motorist, Michelle Williams was at fault. Colantuno sued Williams seeking a damage award for personal injuries. Her husband also filed a claim for loss of consortium. These actions were filed with Aetna's knowledge and consent, and indeed, Aetna had even requested that Colantuno include a claim for property damage to protect the company's subrogation interest.

The Court of Common Pleas for Philadelphia County, Pennsylvania entered a default judgment in favor of Colantuno, and when their case came upon the Philadelphia court's trial docket list, Colantuno gave Aetna written notification that she intend-

ed to have damages assessed and a judgment entered against the uninsured motorist. Aetna expressly consented to this cause of action. The trial court, in a bench trial, awarded damages in the amount of $47,000.00 for personal injury and $14,000.00 for property damage. This amount was increased by adding delay damages to $94,287.70.

Colantuno sought payment of this judgment from Aetna under their insurance policy. Aetna received notice of the judgment and a demand for payment of the policy limits, but refused to pay. So Colantuno filed an action in the U.S. District Court against Aetna, asking that Aetna be bound by the Common Pleas Court's judgment entered against the uninsured motorist, and to pay the Colantunos' coverage ($70,000.00). The second count alleged bad faith. 42 Pa.C.S.A. § 8371 (Purdon, 1992 Supp.).

Aetna filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) arguing that Colantuno's complaint failed to state a cause of action upon which relief could be granted and that because Colantuno's policy predated the effective date of the Pennsylvania statute, the bad faith provision did not apply. Aetna also contended that the insurance policy's arbitration clause governed all disputes, both legal and factual, arising from Colantuno's claim for uninsured motorist benefits. Colantuno argued that arbitration was not required because the policy provided an alternative means to assess damages through a tort action, and that in any event, their bad faith claim was outside the scope of the policy and not subject to the arbitration clause.

The district court granted Aetna's Motion to Dismiss in a one page order. Colantuno filed a timely motion to alter or amend the judgment in the nature of a request for reconsideration. This motion was also denied. Colantuno appealed on the dismissal of Count Two—the bad faith claim.

### III.

42 Pa.C.S.A. § 8371 provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) award punitive damages against the insurer.

(3) assess court costs and attorney's fees against the insurer.

The district court, in a footnote to its one page order, indicated that

This section [42 Pa.C.S.A. § 8371] applies prospectively only and will not be applied to insurance contracts entered into prior to the effective date.

Here, the insurance policy attached as an exhibit to the Complaint was effective from January 12, 1984 to July 12, 1984. This court ... held that section 8371 created a new private cause of action and applying the statute retroactively would effect current existing contractual obligations.

A retroactive application of the statute would be prohibited under Pennsylvania law. In addition, the statute was passed bearing an effective date which the courts of Pennsylvania deem to require prospective application. Thus section 8371 does not apply to the present dispute.

We disagree.

▮ First, we need not reach the issue of whether section 8371 can be retroactively applied to actions that occurred before the section's effective date. Section 8371 may be applied to any insurance contract regardless of date. The relevant inquiry here is not the contract date, but rather when Aetna is alleged to have committed the bad faith conduct, *Coyne v. Allstate Insurance Company*, 771 F.Supp. 673, 675 (E.D.Pa.1991), or when the insurance company refused to provide benefits to the Colantunos.[1] The bad faith conduct al-

---

1. Two district court opinions have held that § 8371 does not apply where the insurance con-

leged in Colantuno's complaint is when Aetna refused to pay.

Finally, the district court's concern that holding section 8371 applicable to this action would retroactively interfere with a contractual obligation is misplaced. By holding the statute applicable to conduct occurring after § 8371's effective date, we are not engaging in the retroactive impairment of contract. As one court has already reasoned,

> In no sense can it properly be said that, by prescribing specific penalties for bad faith conduct in performing a contract, the Legislature impaired the obligation of the contract, in violation of the Constitution.
>
> It is not the underlying insurance contract which gives rise to plaintiff's claims for punitive damages, etc., but defendant's bad faith conduct—which allegedly occurred after defendant had full knowledge of the potential penalties. Moreover, defendant never had a legal right to act in bad faith, by virtue of the contract or otherwise.

*Dembowski v. Allstate Ins. Co.,* 1992 WL 57931 (E.D.Pa.1992). We agree with this reasoning. We are likewise impressed by the reasoning in *Coyne v. Allstate Ins. Co.,* 771 F.Supp. 673 (E.D.Pa.1991):

> [P]laintiff's bad faith claim is not based on the policy of insurance. The law proscribes "acting in bad faith toward the insured." It is defendant's alleged conduct—all of which occurred after the act's effective date—that forms the ac-

tionable gravamen of count two. The application of that law does not alter the insurance policy's substantive requirements, interfere with the insurer's contractual rights, or otherwise impair the parties' obligations. While an insurer has the right to rely on the substantive provisions of its contractual policy, it has never had the right to act in bad faith toward the insured. It cannot rely on contractual language agreed to before the effective date of the statute in order to insulate itself from statutory liability for bad faith conduct alleged to have occurred after that date.

771 F.Supp. at 675.

### IV.

We hold that since the alleged bad faith conduct occurred after the effective date of the statute, Colantuno has a valid cause of action, and should be afforded the opportunity to present their case against Aetna. Accordingly, we will reverse the district court's dismissal, and remand this case for further proceedings.[2]

tracts were entered into before the effective date. See *Bryant v. Liberty Mutual Insurance Company,* No. 90–5637, 1990 WL 223126, 1990 U.S.Dist. LEXIS 17410 (E.D.Pa.1990). But in *Bryant* both the date of the insurance policy *and* the bad faith conduct predated § 8371. Here, the alleged bad faith conduct clearly occurred after the statute was in effect.

2. It may be argued that Aetna's contractual right to arbitration precludes a "bad faith" finding, or alternatively that notice of and acquiescence in the default judgment for Colantuno estops Aetna from invoking the arbitration clause. We do not reach these issues, but of course, our conclusion here does not preclude either party from renewing their arguments before the district court on remand.