Andrea BOYCE, et al.

v.

NATIONWIDE MUTUAL INSURANCE CO.

Civ. No. 93–4120.

United States District Court, E.D. Pennsylvania.

Jan. 7, 1994.

Michael W. McCarrin, Media, PA, for plaintiffs.

Philip Ryan, German, Gallagher & Murtagh, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

YOHN, District Judge.

Presently before the court is Nationwide Mutual Insurance Company's ("Nationwide") motion to dismiss. For the reasons explained herein, the court will grant Nationwide's motion and dismiss count II in its entirety and count I to the extent that pre-July 1, 1990, conduct by Nationwide forms the basis of that count. The court will deny without prejudice Nationwide's motion to dismiss the damages asserted by the plaintiffs in count I. Finally, if the plaintiffs wish to pursue a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law as well as a claim under the Pennsylvania Motor Vehicle Financial Responsibility Law, they must amend their complaint consistent with this memorandum within twenty (20) days of the date of the order.

### STANDARD FOR REVIEW

*Dismissal Under Rule 12(b)(6)*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *See Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989);

*D.P. Enterprises, Inc. v. Bucks County Community College,* 725 F.2d 943, 944 (3d Cir. 1984). A complaint does not need to contain a lengthy recitation of the facts to withstand a motion to dismiss. *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 446 (3d Cir.1977). All a plaintiff must do in his complaint is give a "short and plain statement of the claim that will give each defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103. Therefore, the court must accept the facts contained in plaintiffs' complaint as true.

## BACKGROUND

On February 3, 1986, Andrea Boyce was an occupant in an ambulance operated by Paramedic Ambulance Service, Inc. The ambulance was struck by an uninsured motorist at the intersection of Second and Third Streets and Roosevelt Boulevard in Philadelphia, Pennsylvania. Andrea Boyce suffered injuries as a result of the accident.

At the time of the accident, the plaintiffs, Andrea and Brian Boyce, had a personal automobile insurance policy with Nationwide. The policy provided uninsured motorist benefits in the amounts of $50,000 per person and $100,000 per accident. On February 27, 1987, the plaintiffs made a claim for uninsured motorist benefits to Nationwide. The plaintiffs allege they were informed by Nationwide that since Andrea Boyce was a passenger in an ambulance insured by another insurance company, they must exhaust the ambulance's insurance before seeking recovery under their personal policy.

Upon exhaustion of the coverage provided by the ambulance's insurance policy, the plaintiffs made a claim for uninsured motorist benefits from Nationwide by filing a petition to appoint arbitrators in the Philadelphia courts. Nationwide attempted to remove this action to federal court (*Andrea and Brian Boyce v. Nationwide Insurance Co.,* Civ. No. 91–6738 (E.D.Pa. Feb. 5, 1992)) and it also filed a declaratory judgment action (*Nationwide Insurance Co. v. Andrea and Brian Boyce,* Civ. No. 91–4787 (E.D.Pa. Feb. 5, 1992)). The Honorable Herbert J. Hutton remanded civil action 91–6738 to state court and dismissed the declaratory relief action.

After the petition to appoint arbitrators was remanded to state court, the plaintiffs allege that Nationwide repeatedly delayed the arbitration hearing by arguing matters not supported by the law. Because of Nationwide's tactics, plaintiffs filed the present three count complaint in the Court of Common Pleas, Philadelphia County on June 22, 1993. Count I alleges that Nationwide's bad faith conduct violated 42 Pa.Cons.Stat.Ann. § 8371. Count II alleges a violation of Pennsylvania's Unfair Insurance Practices Act ("UIPA"), 40 Pa.Stat.Ann. § 1171.1, *et seq.* Count III alleges a common law claim of fraud and deceit. Nationwide removed this action to federal court and now seeks dismissal of count II as well as partial dismissal of count I.

## DISCUSSION

*Count II—Unfair Insurance Practices Act*

■ All of the counts in plaintiffs' complaint are virtually identical except for the cause of action stated in the introductory paragraph. Count II states: "[C]ome now the Plaintiffs' and in support of their cause of action against Nationwide *for violation of the* UNFAIR INSURANCE PRACTICE (sic) Act and state . . ." Thus, plaintiffs are alleging a cause of action under the Unfair Insurance Practices Act ("UIPA").

The purpose behind enacting the UIPA in 1974 was:

to regulate trade practices in the business of insurance . . . by defining or providing the determination of all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

40 Pa.Stat.Ann. § 1171.2. The UIPA authorizes the state Insurance Commissioner to investigate and conduct hearings on possible violations of the statute. *Id.* at §§ 1171.7 and 1171.8. Under the UIPA, a court can impose civil penalties in an action filed by the Insurance Commissioner. *Id.* at § 1171.11. The UIPA does not expressly provide a pri-

vate cause of action for violations of the statute.

The Supreme Court of Pennsylvania in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981) held that the UIPA does not create a common law cause of action to supplement its enforcement. In *D'Ambrosio*, the plaintiff sought to recover from his insurer for the infliction of emotional distress and the bad faith denial of a claim for benefits. The court stated that "[t]here is no evidence to suggest, and ... no reason to believe that the system of sanctions established under the Unfair Insurance Practices Act must be supplemented by a judicially created cause of action." *Id.*, 431 A.2d at 970. Accordingly, the plaintiff's action based on the insurer's alleged bad faith conduct was dismissed.

Plaintiffs rely solely on *Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427 (1986) as the ground for denying the defendant's motion on count II. *Pekular* cannot be read as allowing a private right of action under the UIPA. Rather, *Pekular* holds that the UIPA does not bar a private cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat.Ann. § 201–1, *et seq.* or a common law action of fraud and deceit. In fact, *Pekular* recognizes that the Insurance Commissioner is the only one empowered to enforce the provisions of the UIPA. *Id.*, 513 A.2d at 429.

Therefore, the court concludes that the UIPA does not provide a private cause of action. Accordingly, count II of the plaintiffs' complaint must be dismissed.

*Count I—Conduct Prior to July 1, 1990*

When the Supreme Court of Pennsylvania declined to judicially create a new cause of action for bad faith in *D'Ambrosio*, it expressly stated that the legislature must create such a cause of action. *D'Ambrosio*, 431 A.2d at 971. The legislature eventually responded to the court's suggestion by enacting 42 Pa.Cons.Stat.Ann. § 8371. Section 8371 was effective July 1, 1990, and it creates a new cause of action for bad faith on the part of the insurer.

In this instance, count I of plaintiffs' complaint alleges a violation of Section 8371.

Nationwide argues that it cannot be held liable for any conduct that occurred prior to July 1, 1990. Nationwide does not dispute that any of its conduct occurring after July 1, 1990 can form a basis for a Section 8371 claim.

In *Colantuno v. Aetna Insurance Company*, 980 F.2d 908 (3d Cir.1992), the United States Court of Appeals for the Third Circuit held that Section 8371 can be applied to any insurance contract, regardless of the date the parties entered into the contract. *Id.* at 910. The Third Circuit held that the relevant inquiry for a Section 8371 "is not the contract date, but rather when Aetna is alleged to have committed the bad faith conduct, or when the insurance company refused to provide benefits to the Colantunos." *Id.* However, the Third Circuit expressly reserved decision as to whether Section 8371 can be retroactively applied to actions that occurred before the section's effective date. *Id.*

Since *Colantuno*, the Third Circuit has not decided the retroactivity question. The appellate courts of Pennsylvania have also not provided any guidance as to the retroactivity of Section 8371. However, other courts within the Eastern District of Pennsylvania have considered the retroactivity question and held that an insurer cannot be held liable under Section 8371 for actions taken before July 1, 1990. *See, Lombardo v. State Farm Mutual Automobile Insurance Co.*, 800 F.Supp. 208, 213–14 (E.D.Pa.1992); *Liberty Mutual Insurance Co. v. Paper Manufacturing Co.*, 753 F.Supp. 156, 158–160 (E.D.Pa. 1990). The reasoning for such a holding is that the general rule in Pennsylvania is that "no statute shall [be] construed to be retroactive unless clearly and manifestly so intended" 1 Pa.Cons.Stat.Ann. § 1926. Section 8371 has no such manifest intention. *Liberty Mutual*, 753 F.Supp. at 158. Prior to Section 8371, there was not a private cause of action in Pennsylvania for breach of the covenant of good faith and fair dealing. *Liberty Mutual*, 753 F.Supp. at 159. Since Section 8371 created new law and imposed an obligation on the insurer where none existed before, the court held that an insurer was not liable for acts that occurred prior to July 1, 1990.

■ The court will adopt the reasoning of the other courts within the Eastern District of Pennsylvania and apply it to this action. Thus, the court will grant Nationwide's motion and dismiss count I of the counterclaim with respect to pre-July 1, 1990 conduct only. Any conduct which forms the basis of count I that occurred after July 1, 1990 will be allowed to go forward.[1]

### Count I—Fees and Expenses

■ Section 8371 provides that if the court finds that an insurer acted in bad faith toward an insured, the court can award court costs and attorney fees to the insured. 42 Pa.Cons.Stat.Ann. § 8371(3). In count I, plaintiffs seek the costs associated with arbitration and attorney fees because of Nationwide's alleged bad faith conduct. Nationwide argues that since plaintiffs proceeded through arbitration and the award did not include costs and attorney fees, the Pennsylvania Uniform Arbitration Act, 42 Pa.Cons. Stat.Ann. § 7301, et seq. precludes them from recovering fees or expenses under Section 8371.[2]

Nationwide's argument appears to present an issue of first impression. The authorities cited by Nationwide to support its position stand for the proposition that except in rare instances, arbitrators must determine all questions in dispute concerning the terms of an insurance policy. See Merchants Mutual Insurance Co. v. American Arbitration Assoc., 433 Pa. 250, 248 A.2d 842 (1969); Bromley v. Erie Insurance Group, 322 Pa.Super. 542, 469 A.2d 1124 (1983). However, the present bad faith dispute concerns Nationwide's conduct, not the terms of the insurance policy. Also, Section 7312 of Pennsylvania's Uniform Arbitration Act does not explicitly state that an insured cannot seek a recovery of the costs through Section 8371. Moreover, the court notes that the cases cited by Nationwide do not deal with the interplay between the Uniform Arbitration Act and Section 8371 or how the Uniform Arbitration Act nullifies the clear terms of Section 8371. Therefore, the court will deny this part of Nationwide's motion without prejudice.[3]

### Pennsylvania Unfair Trade Practices and Consumer Protection Law and Pennsylvania Motor Vehicle Financial Responsibility Law

■ In each count of the complaint, plaintiffs allege that Nationwide's conduct constituted a tortious violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.Stat.Ann. § 201–1, et seq., and the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.Cons.Stat.Ann. § 1701, et seq. (Pls.' Compl. ¶¶ 46(j) and (k), 55(j) and (k), 69(j) and (k). Nationwide expresses confusion over whether plaintiffs invoke these statutory provisions to seek the remedies they provide or whether plaintiffs are simply referring to these provisions to support each of the three counts in the complaint. Plaintiffs' answer to this motion does not adequately address this issue. The court has reviewed the complaint and it agrees with Nationwide that the complaint lacks clarity on these issues. Therefore, if the plaintiffs desire to pursue a cause of action under either of these two statutory provisions, they may file an amended complaint within twenty days of the date of this memo-

---

1. Plaintiffs' complaint states that the conduct which entitles them to relief under count I was done before, during and after July 1, 1990. (Pls.' Compl. ¶ 49). However, in their answer to Nationwide's motion, plaintiffs appear to state that they are only asserting claims with respect to post-July 1, 1990 conduct and that conduct occurring prior to that date was pled merely as background material. The above holding confirms that Nationwide cannot be held liable for pre-July 1, 1990 conduct. The fact that such claims are barred does not necessarily preclude the introduction of these facts as background evidence. Neither party has addressed this issue and the court will decline to address the issue until it is adequately raised by the parties.

2. 42 Pa.Cons.Stat.Ann. § 7312 provides that:

   Unless otherwise prescribed in the agreement to arbitrate, the expenses and fees of the arbitrators and other expenses (but not including attorney fees) incurred in the conduct of arbitration shall be paid as prescribed in the award.

3. Since this appears to be a case of first impression, Nationwide is free to renew its argument at a later date if it can provide a more reasoned analysis which addresses the points raised by the court.

randum and order. If plaintiffs fail to file an amended complaint, the court will not entertain such claim in the future.[4]

An appropriate order follows.

## ORDER

**AND NOW,** this 6th day of January, 1994, upon consideration of defendant's motion to dismiss, or in the alternative for a more definite statement (Docket No. 5), and the plaintiffs' response thereto, **IT IS HEREBY ORDERED THAT:**

(a) Defendant's motion to dismiss count I to the extent it is based on pre-July 1, 1990, conduct **IS GRANTED;**

(b) Defendant's motion to dismiss the damages of costs and attorney's fees in count I **IS DENIED WITHOUT PREJUDICE;**

(c) Defendant's motion to dismiss count II of the complaint **IS GRANTED;** and,

(d) If plaintiffs desire to pursue a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law as well as a claim under the Pennsylvania Motor Vehicle Financial Responsibility Law, they must amend their complaint consistent with the attached memorandum within twenty (20) days of the date of this order.

---

**4.** The court notes that if plaintiffs are pursuing these causes of action, each statutory provision should be afforded its own count.