**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1934
_____

TERESA HIPPLE, f/k/a Teresa Concepcion

v.

SCIX, LLC; STEEL SEAL LLC; STEEL SEAL PRO, LLC; CLEMENT HIPPLE;
COMPLETE GROUP, LLC; MELISSA MORENO, Administratrix of the Estate
of Brian M. Hipple, Deceased

CLEMENT HIPPLE,
　　　　　　　　　　　Appellant
_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(No. 2-12-cv-01256)
Magistrate Judge: Hon. Thomas J. Rueter

Argued: January 23, 2019

Before: SMITH, <u>Chief</u> Judge, CHAGARES and BIBAS, <u>Circuit</u> <u>Judges</u>.

(Filed: July 5, 2019)

Eric L. Olavson　　　[ARGUED]
Mary E. Witzel
David Ludwig, Esq.
Dunlap Bennett & Ludwig
211 Church Street, S.E.
Leesburg, VA 20175

Cortland C. Putbrese
Dunlap Bennett & Ludwig
8003 Franklin Farms Drive, Suite 220
Richmond, VA 23229
          *Counsel for Appellant*

Robert Jackel          [ARGUED]
399 Market Street, Suite 360
Philadelphia, PA 19106

Gerald S. Berkowitz
Robert A. Klein
Berkowitz Klein
629 B Swedesford Road
Malvern, PA 19355
          *Counsel for Appellee*

_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

This case comes before us on appeal of an amended final order. Appellant Clement Hipple did not appeal the original final order, yet he attempts to attack its conclusions by bootstrapping his appeal of the amended final order to the original final order. Because the amended final order did not change the parties' legal rights or resolve a genuine ambiguity, this appeal is untimely, and we will dismiss for lack of appellate jurisdiction.

I.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

A long and complicated history precedes the issue presented to us, but only the following background is necessary to our disposition. Hipple partially owned and operated SCIX, LLC, which sold Steel Seal, a liquid product that seals blown gaskets. On December 18, 2017, the District Court held that Hipple had fraudulently obtained the Steel Seal trademark. The court found that SCIX was the common law owner of the mark and that Hipple knowingly misrepresented otherwise on the trademark application. The court issued an opinion and final order (the "December Order") declaring that "[t]he Steel Seal trademark obtained by defendant Clement Hipple for BBB Management Group, LLC was fraudulently obtained." Appendix ("App.") 22. The December Order also informed a court-appointed receiver for SCIX — appointed to protect appellee Teresa Concepcion's interest in SCIX's assets — that he may petition the United States Patent and Trademark Office ("USPTO") to cancel the mark. Hipple did not appeal.

A colleague of the court-appointed receiver contacted the USPTO to have the fraudulent trademark cancelled. A USPTO Associate Solicitor replied that "given that the court has already adjudicated that the registration was obtained fraudulently by Mr. Hipple, there is no need to initiate a petition to cancel." Supplemental Appendix ("S.A.") 2. This is because "[t]he court's adjudication [of fraud] would actually entitle the prevailing party to skip that step." Id. Therefore, the Associate Solicitor wrote, all that was needed was an amended order from the District Court that specified the relevant trademark registration number and ordered the USPTO to cancel the mark.

3

After the court-appointed receiver informed the court of the Assistant Solicitor's advice, on March 28, 2018, the District Court amended the December Order by adding the trademark registration number and ordering the USPTO to cancel the mark.  Hipple appealed the March 2018 amended order (the "March Order") and contested the earlier finding of fraud.

## II.

The District Court exercised jurisdiction under 15 U.S.C. §§ 1119 and 1121.  The threshold issue is whether we have appellate jurisdiction, which is a question we review de novo.  Montanez v. Thompson, 603 F.3d 243, 248 (3d Cir. 2010).

A notice of appeal must be filed within 30 days after entry of the order appealed from.  Fed. R. App. P. 4(a)(1)(A).  The Supreme Court has held that "[o]nly when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken . . . begin to run anew."  Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211–12 (1952).  Applying this test, we have held that "[w]hen a court reenters a judgment without altering the substantive rights of the litigants, the entry of the second judgment does not affect the time within which a party must appeal the decisions made in the first order."  Bridge v. U.S. Parole Comm'n, 981 F.2d 97, 102 (3d Cir. 1992).  In contrast, if the second judgment "revises the litigants' legal rights or plainly resolves an ambiguity that had not been clearly settled . . . then an appeal from the

4

second judgment may challenge any issues resolved or clarified by the second judgment." Id.

This is a "practical" test, Minneapolis-Honeywell, 344 U.S. at 212, which we approach "from the perspective of a reasonable litigant," Bridge, 981 F.2d at 102. "If a court order does not clearly address and decide an issue, it would be unfair to find that a party's failure to appeal that decision forever [forfeits] its right to challenge a determination that it could reasonably believe was not yet decided." Id.

Under this test, the March Order was not newly appealable. It amended the December Order in two ways: first, by adding the trademark registration number, and second, by directing the USPTO to cancel the trademark. Neither of these amendments substantively changed the parties' rights nor resolved a genuine ambiguity. We discuss each in turn.

First, the addition of the trademark registration number was merely a clerical amendment. While the USPTO requested this clarification, there was never an ambiguity as to which mark was associated with Hipple. He is connected to only one Steel Seal trademark, and both parties knew — or reasonably should have known — which trademark was at issue. And this change did not substantively revise the parties' legal rights. Therefore, Hipple cannot rely on this change to extend the time in which he may appeal. See Minneapolis-Honeywell, 344 U.S. at 211 ("[T]he mere fact that a judgment previously entered has been . . .

5

revised in an immaterial way does not toll the time within which review must be sought.").

Second, while there is arguably a substantive distinction between allowing the receiver to petition the USPTO to cancel the trademark and directly ordering its cancellation, this is ultimately a distinction without a difference. Once the District Court found that the trademark was obtained through fraud, a petition to cancel the mark — and the subsequent proceedings — was unnecessary.

The Lanham Act gives district courts the power to "order the cancelation of [trademark] registrations." 15 U.S.C. § 1119. While petitioning the USPTO is "the primary means of securing a cancellation," district courts can directly "order cancellation" because of their "concurrent power" with the USPTO. Ditri v. Coldwell Banker Residential Affiliates, Inc., 954 F.2d 869, 873 (3d Cir. 1992); see also Central Mfg., Inc. v. Brett, 492 F.3d 876, 883 (7th Cir. 2007) (A party "could have asserted its rights earlier by petitioning the PTO for cancellation, but nothing in § 1119 requires such a step." (citation omitted)).

We have affirmed district courts' cancellation of trademarks when the marks were fraudulently procured. Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc., 855 F.3d 163, 175 n.5 (3d Cir. 2017) (Because the "[trademark] registration was fraudulently procured[,]" it "thus should be cancelled."); Marshak v. Treadwell, 240 F.3d 184, 197 (3d Cir. 2001) ("We thus hold that fraud in the

6

procurement of the federal mark was properly proven and that cancellation was justified.").[1]

Indeed, the Associate Solicitor of the USPTO informed the receiver's colleague that based on the District Court's finding of fraud the receiver was "entitle[d] . . . to skip that step" of petitioning for cancellation. SA 2. This procedure appears to be more efficient and avoids an "unnecessary (and potentially costly) adversary proceeding." Id.; see Ditri, 954 F.2d at 873 (noting that one "obvious reason" that district courts have concurrent jurisdiction with the USPTO to cancel trademarks is so "an entire controversy may thus be expediently resolved in one forum.").

Accordingly, because the District Court found that the trademark was obtained through fraud, there was no substantive distinction between petitioning for cancellation and the District Court ordering it. The March Order did not revise the parties' legal rights or resolve an ambiguity as to those rights; therefore, his time to appeal the December Order was not renewed. Because Hipple did not

---

[1] Some Courts of Appeals have gone further and held it is reversible error for a district court to refuse to order cancellation of a trademark that has been declared invalid. CFE Racing Prods., Inc. v. BMF Wheels, Inc., 793 F.3d 571, 593–95 (6th Cir. 2015) (reversing the district court for failing to order cancellation of a trademark after the jury found the mark created a likelihood of confusion); Gracie v. Gracie, 217 F.3d 1060, 1065–66 (9th Cir. 2000) ("[T]he district court erred in refusing to cancel a mark found to be invalid."); Bascom Launder Corp. v. Telecoin Corp., 204 F.2d 331, 335–336 (2d Cir. 1953) (reversing the district court because it "should have directed the cancellation" of a trademark once the mark was found to be "merely descriptive").

7

appeal the December Order within 30 days, his appeal is untimely, and he cannot use his appeal of the March Order "to bootstrap [him]sel[f] within the jurisdiction of this court." In re Cantwell, 639 F.2d 1050, 1054 (3d Cir. 1981). Hipple raises no issues other than those resolved in the December Order. And Hipple failed to satisfy the procedural and substantive requirements for a writ of mandamus. As a result, we will deny his request for this extraordinary writ.

## III.

For these reasons, we will dismiss Hipple's appeal for lack of appellate jurisdiction.