**Rosa RIVERA, et al., Plaintiffs**

v.

**LEBANON SCHOOL DISTRICT, Defendant.**

**Civil Action No. 1:11–cv–00147.**

United States District Court, M.D. Pennsylvania.

Nov. 16, 2011.

*Health Center v. Trefts,* 688 S.W.2d 379 (Mo. Ct.App.1985)'').

Benjamin D. Geffen, Michael Churchill, Philadelphia, PA, Thomas B. Schmidt, III, Pepper Hamilton, LLP, Harrisburg, PA, for Plaintiffs.

John E. Freund, III, Rebecca A. Young, King, Spry, Herman, Freund and Faul, LLC, Bethlehem, PA, for Defendant.

### *MEMORANDUM ORDER*

YVETTE KANE, Chief Judge.

Plaintiffs, parents of children attending the Lebanon School District who have been fined for their children's truancy, initiated this action by filing a complaint against Defendant Lebanon School District on January 20, 2011. (Doc. No. 1.) On March 25, 2011, Defendant filed a motion to dismiss. (Doc. No. 12.) After the parties had fully briefed Defendant's motion, the Court referred this matter to Magistrate Judge Mildred E. Methvin. (Doc. No. 16.) On July 27, 2011, Magistrate Judge Methvin issued a Report and Recommendation on Defendant's motion to dismiss. (Doc. No. 19.) Defendant timely filed objections to Magistrate Judge Methvin's Report and Recommendation on August 5, 2011. (Doc. No. 20.) Specifically, Defendant objected to Magistrate Judge Methvin's conclusion that the Lebanon School District is a proper defendant and

to her conclusion that Plaintiffs have stated a claim for relief under 42 U.S.C. § 1983. (*Id.* at ¶¶ 1, 2.) For the reasons stated more fully herein, the Court will adopt the Report and Recommendation and deny Defendant's motion to dismiss.

## I. BACKGROUND [1]

Pursuant to the statutory requirements of 24 P.S. § 13–1354, Defendant has filed more than 1,200 citations for violations of Pennsylvania's compulsory school attendance law, 24 P.S. § 13–1327, in each school year since the 2004–05 school year. (Doc. No. 1 ¶¶ 9–10.) During the 2008–09 school year, Defendant issued at least 1,489 citations against more than 700 parents and students. (*Id.* ¶ 9.) Defendant filed these citations in Pennsylvania Magisterial District Courts 52–1–01 and 52–2–01. (*Id.* ¶ 12.) A Magisterial District Judge may impose a fine not to exceed $300 on the parent of a child violating the compulsory school attendance law. 24 P.S. § 13–1333. Any fine imposed by the Magisterial District Judge is paid to the school district. *Id.*

Plaintiffs allege that Defendant sought fines in excess of the statutory maximum. (Doc. No. 1 ¶¶ 13–15.) Between July 1, 2004, and June 30, 2009, Magisterial District Judges awarded Defendant some 935 fines in excess of $300, at least 178 of which were in excess of $1,000. (*Id.* ¶ 15.) During this period, Defendant accepted and retained fines exceeding the statutory maximum on at least 323 occasions, for a total of at least $107,000 in excess fines. (*Id.* ¶ 16.) In 2010, however, Defendant sought and obtained a downward adjustment of at least 340 fines that had been levied in excess of the statutory maximum to comply with 24 P.S. § 13–1333. (*Id.* ¶ 18.) Plaintiffs estimate that at least 273 illegal fines that still have outstanding balances were excluded from the adjustments. (*Id.*) The 340 fines adjusted to comply with the statute were solely those fines with outstanding balances due. (*Id.* ¶ 20.) No fines that had already been paid in full were affected by the adjustments. (*Id.*) Defendant has not notified any class members of a procedure to seek adjustment, nor has Defendant offered restitution of excessive amounts already paid. (*Id.* ¶ 22.)

## II. STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a *de novo* determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum*, 361 F.3d at 221 n. 3. The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a

---

1. In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n. 3 (3d Cir.2004); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008).

matter of law. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). The burden is on the moving party to show that no claim has been stated. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." *Kost*, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906, 908 (3d Cir.1997). Indeed, while the 12(b)(6) standard does not require "detailed factual allegations," there must be a " 'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.' " *Phillips v. County of Allegheny*, 515 F.3d 224, 231–32 (3d Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1955, 173 L.Ed.2d 868 (2009)).

## III. DISCUSSION

Defendant raises two objections to Magistrate Judge Methvin's Report and Recommendation. (Doc. No. 20.) First, Defendant asserts that Magistrate Judge Methvin incorrectly concluded that it is a proper defendant. (*Id.* at ¶ 1.) Second, Defendant claims that Magistrate Judge Methvin incorrectly concluded that Plaintiffs have stated a claim for relief under 42 U.S.C. § 1983. (*Id.* at ¶ 2.) The Court will consider these arguments *seriatim*.

## A. Whether Lebanon School District is the Proper Defendant

In support of its motion to dismiss, Defendant argues that Plaintiffs have failed to state a claim upon which relief can be granted because Plaintiffs have sued the incorrect party. (Doc. No. 13.) In her Report and Recommendation, Magistrate Judge Methvin rejected Defendant's argument, concluding that Plaintiffs did not challenge the imposition of fines, but rather that they challenged Defendant's decision to request a reduction of only some of the excessive fines. (Doc. No. 19 at 8–9.) Defendant objected, arguing that the Report and Recommendation "failed to take notice of the fact that only the courts, and not the School District, have authority to issue and/or collect fines in truancy matters." (Doc. No. 20–1 at 3.)

■ Defendant is correct that the magisterial judges possess the exclusive authority to impose and collect truancy fines. *See* 24 Pa. Stat. § 13–1333(a)(3), (4). In making this argument, Defendant once again fails to confront the substance of Plaintiffs' complaint. As noted by Magistrate Judge Methvin, the complaint does not challenge the imposition of fines. Rather, Plaintiffs challenge, *inter alia*, Defendant's actions in "selectively seeking reduction of statutorily excessive fines," "using undisclosed criteria to determine which excessive fines imposed would be selected for adjustment, and in failing to provide Plaintiffs and Plaintiff class members with any opportunity to establish whether fines imposed on them met the criteria." (Doc. No. 1 ¶¶ 32–33.) As noted by Magistrate Judge Methvin, "[w]hile it is ultimately the province of the magisterial district judges to formally set or reduce fines, [P]laintiff[s] ha[ve] a plausible claim that such action are procedurally instituted by the District, and the District plays an active

role in truancy adjudication." (Doc. No. 19 at 9.) Because Defendant's arguments on this issue focus solely on claims that are not present in this action, its arguments are unavailing.

## B. Claims Raised Pursuant to 42 U.S.C. § 1983

Plaintiffs have asserted claims against Defendant pursuant to 42 U.S.C. § 1983 alleging violations of the Equal Protection and Due Process Clauses of the United States Constitution. (Doc. No. 1 ¶ 32, 33.) Plaintiffs claim that, by selectively requesting reduction of only some fines imposed in excess of the statutory maximum, Defendant intentionally denied Plaintiffs the equal protection of the law in violation of the Fourteenth Amendment. (*Id.*) Plaintiffs further assert that by using undisclosed criteria to determine which excessive fines would be selected for adjustment and by failing to provide the Plaintiffs with any opportunity to establish whether imposed fines met such criteria, Defendant intentionally deprived Plaintiffs of due process guaranteed by the Fourteenth Amendment. (Doc. 1 ¶ 33.)

### 1. Equal Protection Claim

In support of its motion to dismiss, Defendant argues that Plaintiffs have failed to allege sufficient facts to support an equal protection claim under Section 1983 because the complaint asserts no facts from which discriminatory intent can be inferred. (Doc. No. 13 at 6.) Specifically, Defendant claims that "the complaint does not establish that Plaintiffs were treated differently from similarly situated individuals on the basis of any protected class." (*Id.*) Magistrate Judge Methvin rejected this argument, concluding that the Equal Protection Clause protects against more than such invidious classifications as race, gender, or religion. (Doc. No. 19 at 12.)

Rather, the Equal Protection Clause has been interpreted to prevent any arbitrary classification of persons for unfavorable government treatment. *See Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); *Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) ("[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." (internal citations and quotations omitted)). Defendant objects to Magistrate Judge Methvin's application of rational basis review in concluding that Plaintiffs have stated an Equal Protection claim.

Plaintiffs base their equal protection claim on their status as excessively fined individuals whose fines were not reduced, while other individuals who received excessive fines received downward adjustments as a result of Defendant's intervention. (Doc. No. 19 at 14.) Where an Equal Protection claim does not allege that government action targets a suspect class or burdens a fundamental right, Plaintiffs must allege sufficient facts to show that the challenged classification will not satisfy rational basis review. *See Romer v. Evans,* 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996) (applying rational basis review when challenged statute neither targets a suspect class nor burdens a fundamental right); *Doe v. Pa. Bd. of Prob. & Parole,* 513 F.3d 95, 107 (3d Cir.2008). This is precisely the standard Magistrate Judge Methvin applied. (Doc. No. 19 at 14.) As was stated in the Report and Recommendation:

> The complaint alleges that individuals who were fined in excess of $300 were treated differently—some fines were re-

duced, others were not. Whether a rational basis exists to support a distinction between those whose fines were reduced and those whose were not is unclear. It appears, therefore, that a conceivable basis to support the classification is lacking. By asserting that there were different classifications for which a rational basis is not apparent, [P]laintiffs have demonstrated the plausibility of their entitlement to relief.

(Doc. No. 19 at 14–15.)

Ultimately, Defendant presents no reason to disturb Magistrate Judge Methvin's finding that, at this stage, Plaintiffs have pleaded sufficient facts to support a finding that similarly situated individuals were treated differently and that no rational basis exists for the distinction between the excessive fines that were reduced and those that were not. Because, based on the pleadings, it is conceivable that no rational basis existed for the disparate treatment of these two similarly situated groups of excessively fined individuals, Plaintiffs have alleged sufficient facts to survive Defendant's motion for summary judgment. Accordingly, the Court will adopt Magistrate Judge Methvin's recommendation that Defendant's motion to dismiss Plaintiff's claim under the Equal Protection Clause be denied.

### 2. Due Process Claim

Defendant raises three arguments as to why Plaintiffs' due process claims should be dismissed. First, Defendant asserts that the "complaint is silent as to the property right(s) that have been allegedly violated." (Doc. No. 13 at 7.) Second, Defendant contends that Plaintiffs do not constitute a class of individuals who have been treated differently from other similarly individuals. (Id.) Finally, Defendant argues that "because the underlying truancy actions are summary criminal proceedings, ... Plaintiffs must establish that

there was no probable cause for pursuing the truancy actions in order to prevail." (Id.)

Regarding Defendant's argument concerning Plaintiffs' failure to state a property right that was violated, Magistrate Judge Methvin correctly concluded that Defendant's motion to dismiss is "completely unsupported on this ground." (Doc. No. 19 at 16.) The property interest alleged by Plaintiffs to have been violated is money. (Doc. No. 1 ¶¶ 21–22, 33.) Defendant does not object to this conclusion, and the Court sees no reason to disturb it.

■ The Report and Recommendation does not address Defendant's final two arguments as to why Plaintiffs' due process claims should be dismissed. However, upon review of these arguments, it is clear to the Court that they are both without merit. The Court has already accepted Magistrate Judge Methvin's conclusion that the complaint alleges sufficient facts to establish that Plaintiffs were treated differently than other similarly situated individuals, namely, those whose fines were reduced. Additionally, Plaintiffs do not claim that they were innocent of the truancy charges, nor do they challenge Defendant's initiation of truancy actions against them. Rather, Plaintiffs are challenging Defendant's subsequent action: Defendant's request that only certain excessive truancy fines be reduced. Consequently, the existence of probable cause is irrelevant to this claim because Plaintiffs are not contesting their underlying guilt or innocence nor are they challenging Defendant's initiation of truancy actions. Rather, they are only challenging Defendant's decision to selectively seek reduction of only a fraction of the statutorily excessive fines. Defendant fails to articulate any reason to support a finding that probable cause is a defense to such an action. Accordingly, the Court agrees with Magis-

trate Judge Methvin's recommendation that Defendant's motion to dismiss Plaintiffs' due process claim be denied.

### C. State Claims

Defendant has not put forth any arguments in favor of the motion to dismiss Plaintiffs' state law claims. In the absence of any arguments in support of the motion, the Court will deny the motion.

## IV. CONCLUSION

Defendant fundamentally misconstrues the nature of Plaintiffs' claims. Each of Defendant's arguments assume that Plaintiffs have challenged the imposition of the statutorily excessive fines. They have not. Rather, Plaintiffs challenge Defendant's actions in selectively seeking to reduce only a fraction of the fines imposed that exceeded the statutory maximum. Defendant has raised no arguments either in its motion to dismiss or in its objections to Magistrate Judge Methvin's Report and Recommendation challenging the claims Plaintiffs actually raise.

**ACCORDINGLY,** on this 16th day of November 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Methvin's Report and Recommendation (Doc. No. 19) is **ADOPTED** and Defendant's motion to dismiss (Doc. No. 12) is **DENIED.**

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS (Doc. 12)

MILDRED E. METHVIN, United States Magistrate Judge.

This proposed class action against the Lebanon School District concerns truancy fines allegedly levied in excess of the $300 statutory maximum. Plaintiffs include parents who have been fined for the truancy of their children as well as a nonpartisan organization advocating for equal educational opportunities for minority students. Plaintiffs claim that the District has collected at least 935 illegal fines since July 1, 2004, and that after being confronted about the issue, arbitrarily adjusted some fines but left others unchanged, violating plaintiffs' equal protection and due process rights.

Before the court is defendant's motion to dismiss.[1] The motion has been referred to the undersigned for a report and recommendation, and is now ripe for disposition.[2] For the following reasons, it is recommended that the motion be denied.

### FINDINGS AND RECOMMENDATIONS

### I. Background

As noted above, plaintiffs are the parents of students and former students of Lebanon School District. For purposes of the motion to dismiss, plaintiffs' factual allegations will be accepted as true.

Plaintiffs allege that the District has pursued a policy of seeking truancy fines under § 1333 of the Pennsylvania Public School Code of 1949, as amended, 24 Pa. S.A. § 13–1333, that were in excess of the $300 statutory maximum.[3] The District sought and obtained fines as high as $9,000 plus costs per citation.[4] Pursuant to the

---

1. Defendant filed the motion to dismiss on March 25, 2011 and thereafter filed a supporting brief on March 28, 2011. (*Docs. 12, 13*). Plaintiffs filed a brief in opposition on April 8, 2011, to which defendant filed a reply on April 18, 2011. (*Docs. 14, 15*).

2. On May 2, 2011, Judge Kane referred the pending motion for summary judgment to undersigned. (*Doc. 16*).

3. Complaint, *Doc. 1*, at 2.

4. *Id.*, ¶ 13, at 9.

statute, the District receives all fines collected by the District Courts for truancy.[5] For the period July 1, 2004, through June 30, 2009, the District was awarded at least 935 fines in excess of $300, at least 178 of which were in excess of $1,000.[6] The District has accepted and retained excess fines totaling at least $107,000.[7] Many of the parents with excessive fines are on limited incomes and are paying the fines to the District Courts pursuant to monthly payment plans.[8] Many of the excessive fines are still being collected and turned over to the District.[9]

In 2010, after being notified that the fines were excessive, the District sought and obtained from the District Courts the adjustment of at least 340 fines which had outstanding balances, most down to the statutory maximum.[10] However, at least 273 fines which also have outstanding balances were excluded from the requests.[11] Additionally, parents who had already paid the excessive fines did not receive any adjustments at all.[12] None of the parents who were excluded from adjustments were given an avenue of recourse to seek a refund.[13] The District has never disclosed the criteria used to select the fines to be reduced, nor is there a rational basis for the difference.[14] The intentional selection of some fines for adjustment and the exclusion of others similarly situated was arbitrary and capricious.[15] Consequently, plaintiffs include both parents who presently have outstanding fines in excess of the statutory maximum as well as parents who have paid in full such excessive fines.

Plaintiffs seek redress under federal and state guarantees of equal protection and due process, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.[16] Additionally, plaintiffs propose a class action comprised of all individuals who have had truancy fines imposed in excess of $300.00 since July 1, 2004 and who either (1) have an outstanding fine in excess of $300 plus costs on a citation due or (2) have paid a fine in excess of $300.00 plus the costs on a citation. As relief plaintiffs seek to enjoin the District from imposing excessive fines and from arbitrarily reducing excessive fines imposed. It also seeks restitution for excessive fines paid and an award of attorneys fees and costs.

## II. Issues Presented

Defendant's motion to dismiss alleges the following grounds for dismissal:

1. The Lebanon School District is not the proper defendant as it lacks authority to impose or collect truancy fines.

2. Plaintiffs have failed to state a claim under § 1983 under either the equal protection or due process clauses.

## III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. When consid-

5. *Id.,* ¶ 14, at 10.

6. *Id.,* ¶ 15, at 10.

7. *Id.,* ¶ 16, at 10.

8. *Id.,* ¶ 17, at 10.

9. *Id.*

10. *Id.,* ¶ 18, at 10; ¶ 20, at 11.

11. *Id.,* ¶ 18, at 9–10.

12. *Id.,* ¶ 20, at 11.

13. *Id.,* ¶ 22, at 12.

14. *Id.,* ¶ 18, at 9–10.

15. *Id.,* ¶ 19, at 11.

16. *Id.*

ering a motion to dismiss, the court must "accept all [of plaintiff's] factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008) (citing *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002)). *See also Matrixx Initiatives, Inc. v. Siracusano,* —— U.S. ——, —— – ——, 131 S.Ct. 1309, 1322–23, 179 L.Ed.2d 398 (2011).

The complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The question is not whether the plaintiff will ultimately prevail, but whether the "complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* —— U.S. ——, ——, 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).

Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must do more than present "bald assertions" and "legal conclusions." *In re Burlington Coat Factory Secs. Litig.,* 114 F.3d 1410, 1429–30 (3d Cir.1997).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.* Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Twombly,* 550 U.S. at 545, 127 S.Ct. 1955 (citations omitted) (emphasis added). Plaintiffs must nudge their claims "across the line from conceivable to plausible." *Id.* at 570, 127 S.Ct. 1955. *See also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008).

A plaintiff "armed with nothing more than conclusions" is not entitled to discovery. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the complaint should be dismissed. *Id.* (quoting Fed.R.Civ.P. 8(a)(2)) (alteration in original).

The "plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955. Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950 *(citing Twombly,* 550 U.S. at 557–58, 127 S.Ct. 1955).

The Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a " 'plausible claim for relief.' " *Id.* at 210 (quoting

*Iqbal*, 129 S.Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. *Id.* at 211.

## IV. Discussion

### *Issue 1: Is the District is the proper defendant ?*

In its motion to dismiss, defendant contends that plaintiffs have failed to state a claim upon which relief can be granted inasmuch magisterial district judges, not the District, are the ones with the authority to impose and collect fines. The applicable statutory provision on truancy provides, in pertinent part:

> Every parent, guardian, or person in parental relation, having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine, for the benefit of the school district in which such offending person resides, not exceeding three hundred dollars ($300) [.]

24 P.S. § 13–1333(a)(1). Additionally, the truancy statute states: "Any person sentenced to pay any such fine may appeal to the court of common pleas of the proper county." *Id.* Defendant argues that it is therefore the province of the magisterial district judge to impose and collect such fines, and any recourse plaintiffs seek lies therein, not against the District.

However, plaintiffs maintain that they do not challenge the fact of the truancy underlying the citations and, ultimately, the fines imposed. Rather, they contend that it is the District which institutes the formal requests for adjustment by the court, and further, that the District files truancy citations, serve summonses, provides the district court with information regarding non-attendance and makes recommendations as to punishment.

As noted above, plaintiffs' complaint alleges that after notification of the excessive fines, the District requested a reduction in some, but not all, fines by the magisterial district judge. This demonstrates that not only is the District the proper defendant, but also that by requesting reduction in some fines, the District has tacitly acknowledged that the fines were excessive.

Accepting plaintiffs' allegations as true, plaintiffs have stated a plausible claim for relief against the District. As noted above, the "plausible grounds" requirement "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955. While it may ultimately be the province of the magisterial district judges to formally set or reduce fines, plaintiff has asserted a plausible claim that such actions are procedurally instituted by the District, and the District plays an active role in truancy adjudication. These allegations are sufficient to survive a motion to dismiss, and it is recommended that the motion be denied on this issue.

### *Issue 2: Have plaintiffs stated a claim under § 1983?*

Plaintiffs challenge the reduction of some, but not all, fines imposed as arbitrary and raising due process implications. They also challenge the failure of defendant to provide plaintiffs who have paid an excessive fine an opportunity to challenge the fine and/or seek reimbursement.

Under 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* Section 1983 imposes civil liability upon any person who, under color of state law, deprives someone of the rights, privileges, or immunities secured by the federal Constitution or the laws of the United States. *Gruenke v. Seip,* 225 F.3d 290, 298 (3d Cir.2000). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To establish a Section 1983 claim, therefore, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation [violation of a right] was committed by a person acting under the color of state law." *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996).

In *Monell v. Department of Social Services,* the United States Supreme Court declared that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, municipalities maybe sued under § 1983, with some limitations. A school district is a municipality for the purposes of a § 1983 claim. *See* 53 Pa.C.S.A. § 7101 (defining "municipality" to include school districts); *Sanford v. Stiles,* 456 F.3d 298, 314 (3d Cir.2006) (analyzing a school district's liability as a municipality); *SF ex rel. Freeman v. Delaware Valley School Dist.,* No.: 3:08–CV–581, 2008 WL 4680580, *4 (M.D.Pa. Oct. 20, 2008) ("Municipal entities such as a school district can also be actors under § 1983.")

Defendant challenges plaintiffs' § 1983 claim on both equal protection and due process grounds. Each will be addressed in turn.

### 1. Equal Protection

Defendant argues that "discriminatory intent is a prerequisite to a § 1983 case based on a violation of the Equal Protection Clause," and that plaintiff's have failed to establish such intent.[17]

The Fourteenth Amendment mandates that no State "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The United States Supreme Court has recognized that the Equal Protection Clause of the Fourteenth Amendment grants every person protection from "intentional and arbitrary discrimination" by state agents. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). The Equal Protection Clause safeguards not merely against such invidious classifications as race, gender and religion, but any arbitrary classification of persons for unfavorable governmental treatment. *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (emphasis added).

Judicial interpretations of the equal protection clause have all recognized that governmental action is classification-oriented. *Philadelphia Police & Fire Ass'n for Handicapped Children, Inc. v. City of Philadelphia,* 874 F.2d 156, 162 (3d Cir. 1989). Unless state action burdens a fundamental interest or hinges upon a suspect or quasi-suspect criterion, "courts are quite reluctant to overturn governmental action on the ground that it denies equal

---

17. *Doc. 13, at 6.*

protection of the laws." *Vance v. Bradley,* 440 U.S. 93, 96–97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979).

Thus, in reviewing a claim asserting a violation of the equal protection clause, a court must first determine the appropriate standard by which it is to review the claim. *Donatelli v. Mitchell,* 2 F.3d 508, 513 (3d Cir.1993). If state action does not burden a fundamental, constitutional right or target a suspect class, the "challenged classification must be upheld 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.* (quoting *FCC v. Beach Communications, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)). If the challenged state action involves a "suspect" classification such as those based on race, alienage or national origin, or infringes on a fundamental constitutional right, the strict scrutiny standard is applied. *Id.*

Defendant maintains that the complaint fails to articulate the requisite discriminatory intent under § 1983 inasmuch as it does not allege that plaintiffs have been treated differently from similarly situated individuals based on a protected classification such as race, alienage or national origin. Conceding that defendant's action neither burden a fundamental right nor target a suspect class, plaintiffs assert that the equal protection issue shall be analyzed under the rational basis standard. *See Romer v. Evans,* 517 U.S. 620, 631, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996) (if a statute neither burdens a fundamental right nor targets a suspect class, it does not violate equal protection so long as it bears a rational relationship to some legitimate end.)

Governmental action will be considered constitutional under rational basis review if there is "any reasonably conceivable set of facts that could provide a rational basis

for" it. *FCC v. Beach Communications,* 508 U.S. at 313, 113 S.Ct. 2096. Although this is a low threshold, the Supreme Court has nonetheless instructed that "even in the ordinary equal protection case calling for the most deferential standards, we insist on knowing the relation between the classification adopted and the object to be obtained." *Id.* at 632, 116 S.Ct. 1620. To mount a successful equal protection challenge, plaintiffs must prove only that the District treated them differently from similarly situated parents of truant students whose fines were reduced without any reasonable basis. On rational-basis review, a classification carries a presumption of validity, and those attacking the rationality of the classification "have the burden 'to negative every conceivable basis which might support it.'" *Beach Communications, Inc.,* 508 U.S. at 315, 113 S.Ct. 2096 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)). A court may uphold state action creating a classification on any conceivably valid purpose, even when the court itself supplies the hypothetical basis. *Tillman v. Lebanon County Corr. Facility,* 221 F.3d 410, 423 (3d Cir.2000).

The complaint alleges that individuals who were fined in excess of $300 were treated differently—some fines were reduced, others were not. Whether a rational basis exists to support a distinction between those who fines were reduced and those whose were not is unclear. It appears, therefore, that a conceivable basis to support the classifications is lacking. By asserting that there were different classifications for which a rational basis is not apparent, plaintiffs have demonstrated the plausibility of their entitlement to relief and have this stated an equal protection claim. Accordingly, it is recommended

that the motion to dismiss be denied on this claim.

### 2. *Due Process*

Defendant argues that plaintiffs' due process claim fails because the complaint is silent to a property right violated. Plaintiffs respond, quite predictably, that the money sought collected from illegal fines constitutes property.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A cause of action for a procedural due process violation requires a plaintiff to first prove that a person acting under color of state law deprived him of a protected property interest; and second, he must show that the procedures available to him failed to provide him with due process of law. *Clark v. Conahan,* 737 F.Supp.2d 239, 263 (M.D.Pa. 2010) (citing *Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir.2000)).

"In analyzing a procedural due process claim, the first step is to determine whether the nature of the interest is one within the contemplation of the liberty or property language of the Fourteenth Amendment." *Newman v. Beard,* 617 F.3d 775, 782–83 (3d Cir.2010) (quotations omitted) (citing *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). "If the court concludes that such an interest exists, the next issue is whether the procedures provided to the plaintiff afforded that individual due process of law." *Newman,* 617 F.3d at 782–83. If the court determines "that the interest asserted is protected by the Due Process Clause, the question then becomes what process is due to protect it," and "whether the procedures provided to the plaintiff afforded that individual due process of law." *Id.* (citing *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). The

fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Defendant's motion to dismiss is completely unsupported on this ground. It is clear that the property interest identified by plaintiffs is money. Defendants have pointed to no authority suggesting that money is not property. Plaintiffs have articulated a lack of process available to them to seek redress for excessive fines imposed on truancy citations. The motion to dismiss should, consequently, be denied on this claim.

### V. Recommendation

Based on the foregoing, it is respectfully recommended that the motion to dismiss (*Doc. 12* ) be denied.

July 27, 2011.